KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Lynn O'Hines, | No. CIV 07-277-PHX-JAT (MEA) |
| Plaintiff, | **ORDER** |
| vs. | |
| San Diego Police Department, et al., | |
| Defendants. | |

Plaintiff James Lynn O'Hines,[1] who is confined in the Arizona State Prison Complex-Eyman, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff has not paid the $350.00 filing fee or filed an Application to Proceed *In Forma Pauperis*.

**I.    "Three Strikes Provision" 28 U.S.C. § 1915(g).**

The Prison Litigation Reform Act of 1995 (PLRA), enacted on April 26, 1996, provides that a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of

---

[1] Plaintiff has also filed cases under the names James Lynn Hines, Jackson Malloy, and Yellow Fox.

serious physical injury." 28 U.S.C. § 1915(g). Because § 1915(g) is a procedural rule that does not raise retroactivity concerns, cases that were dismissed before the effective date of § 1915(g), i.e., April 26, 1996, may be counted as qualifying dismissals or "strikes." Tierney v. Kupers, 128 F.3d 1310, 1311-12 (9th Cir.1997). A prisoner barred from proceeding *in forma pauperis* pursuant to § 1915(g) may proceed under the fee provisions of 28 U.S.C. §§ 1911-14 applicable to everyone else. Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir.1996).

More than 3 of the prior actions Plaintiff has filed in federal courts have been dismissed as frivolous, malicious, or as failing to state a claim. See Hines v. City of San Diego Police Dep't, CIV 00-00-969 K (LAB) (S.D. Cal. Jun. 21, 1999); Malloy v. Kowolski, CIV 00-1186 W (LAB) (S.D. Cal. Jun. 30, 2000); Hines v. Hisson, CIV 001177 JM (NLS) (S.D. Cal Jul. 14, 2000); Malloy v. Corcoran Prison, CIV 00-5660 REC (DLB) (E.D. Cal. Sept. 25, 2000); Hines v. Jaffe, CIV 00-2078 W (CGA) (S.D. Cal. Nov. 7, 2000); Malloy v. Galaza, CIV 00-5674 AWI (HGB) (E.D. Cal. Dec. 13, 2000); Malloy v. Corcoran Prison, CIV 99-6647 REC (SMS) (E.D. Cal. Dec. 15, 2000); Hines v. Deddah & Associates, CIV 05-3412-JAT (VAM) (D. Ariz. Jun. 29, 2006); Hines v. Westside Faith Temple Penticostals, CIV 06-061-JAT (VAM) (D. Ariz. Oct. 25, 2006).

Accordingly, Plaintiff may not bring a civil action without complete pre-payment of the $350.00 filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

**II.     Failure to Allege Imminent Danger of Serious Physical Injury**

All of Plaintiff's claims appear to relate to past incidents; Plaintiff does not allege that he is in imminent danger of serious physical injury.

An allegation of past harm does not constitute a credible allegation that Plaintiff is in imminent danger of serious physical injury as required by 28 U.S.C. § 1915(g) in order for Plaintiff to bring this action without complete pre-payment of the $350.00 filing fee. Accordingly, the Complaint and this action will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g) for failure to pre-pay the $350.00 filing fee. If Plaintiff wishes to

1 reassert these claims in the future, he must pre-pay the entire $350.00 filing fee when he files his action.

**IT IS ORDERED**:

(1) Plaintiff's Complaint (Doc. #1) and this action are **dismissed** pursuant to 28 U.S.C. § 1915(g) without prejudice to Plaintiff filing a complaint in a new case accompanied by the full $350.00 filing fee.

(3) The Clerk of Court must enter judgment accordingly and close this case.

DATED this 22nd day of February, 2007.

James A. Teilborg
United States District Judge